No. 44,864

HENRY HUND, *et al., Appellants,* v. THE CITY OF EASTON, KANSAS, A Municipal Corporation, and HARRY MOULDEN as Mayor of said City, TONY WAGNER, WILLIAM COLLINS, CHARLES WAGNER, FLOYD DOTY and WILLIAM VAN TUYL as Council Members, and HARRY HEIM as City Clerk of said City, *Appellees.*

(436 P. 2d 379)

Opinion filed January 27, 1968.

*Leonard W. McAnarney,* of Lyndon, argued the cause and was on the brief for the appellants.

*John H. Murray,* of Leavenworth, argued the cause for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This action was brought by a group of taxpayers pursuant to K. S. A. 60-907 to enjoin the City of Easton and its governing body from entering into or carrying out any contracts, or doing any acts in connection with the creation of a sewer district or system of the City that would result in special assessments against the unified school district and the levy of taxes against the plaintiffs for the purpose of financing the construction of a sewer system. The trial court sustained a motion for summary judgment in favor of the City and its officials, whereupon appeal has been duly perfected to this court by the plaintiffs.

The facts presented by this case are identical in all material respects to those confronting the court in *Schulenberg v. City of Reading,* 196 Kan. 43, 410 P. 2d 324, except that when this action was filed the proceedings of the City had not as yet resulted in the levy of special assessments against the school district for the purpose of financing the construction of the sewer system.

Here the plaintiffs assert the provisions of K. S. A. 60-907 (*a*) and (*b*) as authorization for injunctive relief on the ground the action contemplated by the City of Easton would result in an illegal levy of a tax, charge or assessment against their property, and their petition alleges a cause of action pursuant thereto.

The following undisputed facts appear from the pleadings, answers to interrogatories and admissions on file.

The plaintiffs are owners of real estate in Unified School District No. 449 of Leavenworth County, Kansas, and as such their property is subject to tax levies, special assessments, and liens of all types as may be levied or assessed against their property by the school district, and in particular any levy necessary to pay obligations of the school district.

The action is brought by the plaintiffs in their own behalf and in behalf of all other taxpayers similarly situated in the school district having property subject to tax levies, charges or assessments.

The City of Easton, Leavenworth County, Kansas, is a municipal corporation and a city of the third class governed by a mayor and five councilmen hereafter referred to as the governing body of the municipality, or the City.

When the petition was filed the City had authorized the construction of a sewer system and disposal plant for the City; awarded a contract for the construction of the sewer lines; had condemned land for the disposal plant; and was proceeding with the construction of the system. In connection therewith, the City by ordinance created a sewer district which did not include the entire area within the corporate limits of the City, nine percent of the total area of the City being omitted.

Unified School District No. 449 operates an elementary school within the corporate limits of the City of Easton, Kansas, occupying a site approximately one-half block, out of a total area of twenty-two square blocks in the City.

At the request of the City a resolution of Unified School District No. 449, by and through its official representatives, was adopted March 14, 1966. Not incorporated in the resolution but as a part of the same and orally stated at the meeting of the school board, the total cost would not exceed $30,000 to serve the elementary school, the present high school, and any other school that may be constructed near the city limits of Easton, all of which are in Unified School District No. 449.

By virtue of the resolution the City intended assessment of approximately $30,000 against the frontage of the elementary school district site within the City of Easton to pay for a large portion of the construction cost of the sewer system of the City, which would create an additional tax burden upon the plaintiffs.

The anticipated cost of the sewer project as to that portion of the project exclusive of the disposal plant was estimated at $80,-939.06, and the City has awarded the contract to a construction company for the sum of $71,270.

The engineer's estimate on the cost of construction of the disposal plant was $49,060.94, and a contract has been awarded to a construction company for the sum of $37,571.50.

The estimated cost of acquiring the site for the disposal plant is $6,000, but the City believes the site could be acquired for $3,400.

Plans call for the construction of 1035 feet of sewer line outside the city limits in a northwesterly direction to serve the high school, the estimated cost of which is $7,152.43. This sum is included in the sewer line contract of $71,270. The estimated engineering cost of running the sewer from the public lines in the alleys into the houses, wherein the construction would be on private property of the owners of the lots, is $17,510 for an estimated 10,300 linear feet.

The City has issued no temporary notes in connection with the proposed sewer construction project and admits that none can be issued while any suit involving the project is still pending.

The assessed valuation of the City for the year 1965 was $235,612. General obligation bonded indebtedness against the City for a water system is $24,000.

In the absence of a contribution of approximately $30,000 from Unified School District No. 449, general obligation bonds of the City would not be salable because the maximum that could be issued in general obligation bonds for the sewer system would be $45,223, and it is even debatable whether bonds could be issued in a sufficient amount even with a contribution of $30,000.

The method of assessment by the City has not been finally determined, and the estimated figure of $30,000 was determined by rounding out the figure on the basis of usage of students and teachers as compared to usage of citizens within the City of Easton.

The preliminary plan of financing was to issue general obligation bonds to pay the cost of the treatment plant and to issue special

assessment bonds to pay the cost of the sanitary sewers. There has also been discussion as to sewer service charges to take care of part of the cost of construction, if possible.

The City admits: ( a ) There is no statutory authority under the laws of Kansas for issuance of general obligation bonds for a city of the third class for the construction of sewers upon private property such as from the alley into the houses; ( b ) that the City's debt limitation is $45,223, and that the contract for construction of the sewer within the corporate limits of the City is $71,270 for construction purposes only; ( c ) that there is no statutory authority for the use of a combination assessment plan and sewer use charge for the purpose of paying the cost of sewer construction in a city of the third class; ( d ) that the City has no means of financing the cost of constructing the sewer system described in the plans and specifications on file with the city clerk; and ( e ) that only a portion of the system could be constructed under financing available.

When this case was argued on appeal to the Supreme Court, the City of Easton had filed no brief, but counsel for the City did appear with a letter of explanation which had previously been filed with this court.

As a result of such letter and upon suggestion by the court in oral argument on the 9th day of November, 1967, counsel for the respective parties stipulated that after the appellants filed the record on appeal in the Supreme Court the City of Easton:

1. Repealed ordinance No. 78 which created the sewer district here in question.

2. Proceeded to contract for and caused the construction of a disposal system and a disposal plant; that the sewer system as constructed did not provide for any sewer line to the high school building owned and operated by Unified School District No. 449 of Leavenworth County, Kansas, which building was and is located out of the corporate limits of the City of Easton.

3. That the sewer system and disposal plant has not been paid for as of November 9, 1967. That no temporary notes or bonds had been issued by the City to pay for the cost of the sewer system and disposal plant as of November 9, 1967.

4. That an ordinance has been enacted and published providing for a sewer service charge for users of the sewer system of the City.

5. That regardless of the disposition of the case on appeal the City agreed that the cost herein shall be taxed to it.

In the City's letter of explanation dated November 7, 1967, signed by its counsel and filed with the Supreme Court, the City "abandoned agreement with school board for payment of $30,000.00."

Upon this state of the record it is abundantly evident the City has recognized the merit of the appellants' position by virtue of the decision of this court in *Schulenberg v. City of Reading,* supra.

The judgment of the lower court is reversed with directions to dismiss the action.